No. 15-3189

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

Grace Lee,
Plaintiff-Appellant,

vs.

Dr. James A. Guikema and Dr. James W. Neill,
Defendants-Appellees

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS
JULIE A. ROBINSON, DISTRICT JUDGE CASE NO. 12-2638

## APPELLANT'S REPLY BRIEF

Grace Lee, Pro Se.
198 Mount Vernon St. S1
Malden, Massachusetts, 02148

January 18, 2016

# TABLE OF AUTHORITIES

**Cases**

Lane v. Franks, 573 U.S. ____,
    134 S. Ct. 2369 (2014),..................................................................................5
Board of Curators of Univ. of Missouri v. Horowitz,
    435 U.S. 78 (1978)........................................................................................6
Goss v. Lopez,
    419 U.S. 565 (1975).......................................................................................6
Roach v. Univ. of Utah,
    968 F.Supp. 1446, 1454 (D. Utah 1997)......................................................6
Gardenhire v. Chalmers,
    326 F. Supp. 1200, 1204 (D. Kan. 1971)....................................................6

# ARGUMENT

Plaintiff-appellant replies to the following contentions of Appellees' brief.

## 1. Defendants' ignoring Plaintiff's facts does not overcome the existence of evidence that raises a genuine issue of material fact

As with virtually all other disputed facts in this record, Defendants simply assert their own version of facts to be undisputed and assert all the rest of the facts to be inadmissible. At the footnote of page 17 in their brief, without providing any analysis, Defendants conclusively claim that many of Plaintiff's facts are inadmissible hearsay. Plaintiff prays the court to consider these facts to be admissible for three reasons. First, most of Plaintiff's facts are based on written records. In particular, Paragraphs 45, 46, 53, 54, 55, 56, 57, 58, 59 at page 1-20 in Plaintiff's opening brief are based on written records that were provided by Defendants themselves in the discovery. It is odd that Defendants ask the court to deny the admissibility of the evidence that was provided by themselves. Second, Paragraphs 46, 53, 55, 56, 57, 58, 59 are quotes of the emails of Defendants and the SPC members discussing about Plaintiff's alleged disruptive behavior and her dismissal. These emails would be considered as hearsay if they are used as proof of Plaintiff's alleged disruptive behavior; but are not hearsay when they are used in

Plaintiff's opening brief to show that Defendants provided the Student Progress Committee ("SPC") in the department of statistics with severe disciplinary accusations against Plaintiff Lee, and that the SPC considered Plaintiff's alleged behavior as a critical factor when they cast their votes. Third, Paragraph 61 at page 16-17 in Plaintiff's opening brief are not hearsay because they are other graduate students' statements that describe their own situation of lacking a major advisor for much longer time than Plaintiff Lee.

Part of Plaintiff's facts and the supporting evidence that are ignored by Defendants are concisely summarized below:

    a. On January 30, 2012, only three months prior to Plaintiff's dismissal, Department Head James W. Neill ("Defendant Neill") stated in writing that Plaintiff Lee was "making satisfactory academic progress" and that "a promising amount of technical work accomplished" by her. (Doc. 72-2, Plaintiff's Exhibit 6).

    b. On May 3, 2012 and on May 8, 2012, twice were the severe disciplinary accusations against Plaintiff Lee conveyed to the faculty and the SPC in the department of statistics. (Doc. 72-5 Plaintiff's Exhibit 32; Doc. 72-5 Plaintiff's Exhibit 38). Before that, no intention or decision to dismiss Plaintiff has ever been made by the SPC.

    c. On May 8, 2012, before requesting the SPC to vote on Plaintiff's dismissal based on her behavior, Defendant Neill reiterated that the CIRT was called for against Plaintiff and skipped notifying the SPC of the CIRT's determination that Plaintiff "did not appear to be dangerous". (Doc. 72-5, Plaintiff's Exhibit 38)

    d. Chair of the SPC Dr. Higgins wrote in his voting email: "Grace's behavior has led to this unfortunate situation." (Doc. 72-5, Plaintiff's Exhibit 38).

These facts establish that Plaintiff's dismissal was not motivated by an academic reason, but by a nonacademic reason.

**2. Defendants are not Entitled to Qualified Immunity**

Defendants claim they are entitled to qualified immunity and cite to <u>Lane v. Frank</u>[1] at page 21 in their brief. In <u>Lane v. Frank</u>, the supreme court noted "because the question [whether public employee testimony was protected speech] was not 'beyond debate' at the time Franks acted[2], Franks is entitled to qualified immunity." However, the <u>Lane v. Frank</u>[3] is wholly inapposite in the instant situation. In the present case, to the contrary, the requirement of a hearing for a disciplinary dismissal was 'beyond debate' at the time Defendants dismissed Plaintiff in May 2012. The law has been clearly established that in the case of

---

[1] 573 U.S. ___, 134 S. Ct. 2369 (2014)
[2] Id.
[3] Id.

substantial punishment for disciplinary reasons a student has the right to due process including at least the opportunity to be heard and a notice of the charges[4]. The supreme Court concluded in Goss v. Lopez: "[i]t would be a strange disciplinary system in an educational institution if no communication was sought by the disciplinarian with the student in an effort to inform him of his dereliction and to let him tell his side of the story in order to make sure that an injustice is not done."[5] The District of Kansas has also weighed in on the appropriate level of due process due a student: "There is general agreement that four fundamental safeguards are required in every proceeding that may lead to a serious penalty."[6] "The student must be advised of the grounds of the charge, he must be informed of the nature of the evidence against him, he must be given an opportunity to be heard in his own defense, and he must not be punished except on the basis of substantial evidence. These requirements are so obvious, and so fundamental, that they require little elaboration."[7]

---

[4] Goss, 419 U.S. at 581; Horowitz, 435 U.S. at 85; Roach v. Univ. of Utah, 968 F.Supp 1446, 1454 (D. Utah 1997)
[5] Goss, 419 U.S. 565, 580 (1975)
[6] Gardenhire v. Chalmers, 326 F. Supp. 1200, 1204 (D. Kan. 1971)
[7] Id

### 3. Defendants altered their statement regarding the alleged May 2, 2012 incident

In the District Court, Ms. Heather Reed declared that the alleged misconduct incident happened on May 2, 2012: "On May 2, 2012, there was an incident in which Grace Lee was reported to be yelling and disruptive in the Graduate School office." (Doc. 76-3, Reed Declaration, ¶ 7). Oddly, in Defendants' brief at page 11, they imply differently, that the report of the misconduct incident was received by Ms. Reed on May 2, 2012 but the incident itself did not necessarily happen on May 2, 2012.

Ms. Reed and Defendants have provided neither a witness nor the report of the alleged incident, or any other form of evidence, in support of their accusations against Plaintiff.

In response, Plaintiff Lee declares under penalty of perjury that she did not visit the Graduate School on May 2, 2012. (Doc 77-2, Second Declaration of Grace Lee, ¶ 4). In addition, Plaintiff declares under penalty of perjury that she has never yelled, screamed or been disruptive on KSU campus or in any KSU Graduate School office at any time (Doc 77-2, Second Declaration of Grace Lee, ¶ 5), and that she has never been escorted from any KSU building. (Doc. 73, Plaintiff's Declaration, at ¶ 29).

# CONCLUSION

For the above reasons, Plaintiff-Appellant Grace Lee respectfully requests this Court to vacate the summary judgment and remand this case for further proceedings and trial.

Respectfully submitted,

Signature: *Grace Lee*

Grace Lee, *Pro Se*
198 Mt. Vernon St., S1
Malden, MA 02148
785-340-3340
GraceLee695@gmail.com

Dated: January 18, 2016

## CERTIFICATION OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

Pursuant to Fed. R. App. P. 32(a)(7)(C), the undersigned certifies that this reply brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B)(ii).

1. Exclusive of the exempted portions of the reply brief, as provided in Fed. R. App. P. 32(a)(7)(B)(iii), this brief includes 1,532 words.

2. This reply brief has been prepared in proportionally spaced typeface using Microsoft Word 2011 in 14 point Times New Roman font. As permitted by Fed. R. App. P. 32(a)(7)(C), the undersigned has relied upon the word count of this word processing system in preparing this certificate.

By: *Grace Lee*

Grace Lee, Pro se

Dated: January 18, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2016, I sent a copy of APPELLANT'S REPLY BRIEF to M.J. Willoughby, the counsel for Defendant Dr. James A. Guikema and Defendant Dr. James W. Neill by U.S. Mail, postage prepaid at:

M.J. Willoughby
Assistant Attorney General
Memorial Bldg., 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597

I also certify that the correct number of copies of APPELLANT'S REPLY BRIEF was sent via U.S. Mail to the United States Court of Appeals for the Tenth Circuit, Office of the Clerk on this 19th day of January, 2016.

Date: 01/19/2016

Signature: *Grace Lee*

Grace Lee, *Pro Se*
198 Mt. Vernon St., S1
Malden, MA 02148
785-340-3340
GraceLee695@gmail.com

Appellate Case: 15-3189 Document: 01019557748 Date Filed: 01/20/2016 Page: 11

**U.S. POSTAGE PAID**
MALDEN, MA
02148
JAN 19, 16
AMOUNT
$38.80
R2303S101569-06

**PRIORITY MAIL EXPRESS POSTAGE REQUIRED**

EL149921532US

**CUSTOMER USE ONLY**
FROM: (PLEASE PRINT) PHONE ( 785 ) 240-3340
GRACE LEE
198 Mount Vernon Street, 51
Malden, MA 02148



**UNITED STATES POSTAL SERVICE** | **PRIORITY MAIL EXPRESS™**

34

**PAYMENT BY ACCOUNT (if applicable)**

**DELIVERY OPTIONS (Customer Use Only)**
☒ SIGNATURE REQUIRED
Delivery Options
☐ No Saturday Delivery
☐ Sunday/Holiday Delivery Required
☐ 10:30 AM Delivery Required

TO: (PLEASE PRINT) PHONE ( )
United States Court of Appeals
For the Tenth Circuit
Office of the Clerk
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado
ZIP + 4® 8 0 2 5 7

- For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
- $100.00 insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| ☒ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
|---|---|---|---|
| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage | |
| 02148 | 1/20/16 | $ 38.80 | |
| Date Accepted (MM/DD/YY) | Scheduled Delivery Time ☐10:30 AM ☐3:00 PM ☒12 NOON | Insurance Fee $ | COD Fee $ |
| 1/19/16 | | | |
| Time Accepted 1.00 ☐AM ☐PM | 10:30 AM Delivery Fee $ | Return Receipt Fee $ | Live Animal Transportation Fee $ |
| Weight ☐Flat Rate | Sunday/Holiday Premium Fee $ | Total Postage & Fees $ 38.80 | |
| lbs. 7.3 ozs. | Acceptance Employee Initials | | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time ☐AM ☐PM | Employee Signature |
|---|---|---|
| Delivery Attempt (MM/DD/YY) | Time ☐AM ☐PM | Employee Signature |

LABEL 11-B, SEPTEMBER 2015  PSN 7690-02-000-9996  3-ADDRESSEE COPY


Scanned US Marshal

